tacitly admitted that the plaintiff remained beyond the territorial limits of the United States for a period of not less than 48 hours and that he had not claimed an exemption under paragraph 1798(c)(2)(A), *supra*, within 30 days immediately preceding his arrival in the United States on his return trip from Japan. Thus, it is established that all of the statutory requisites for free entry were met. We, therefore, sustain the claim of plaintiff and hold that the involved articles are exempt from duty. Judgment will be rendered accordingly.

No. 64433.—W. J. Bush Co., Inc., et al. *v.* United States, protests 59/21126, etc. (New York).

Opinion by RICHARDSON, J. In accordance with stipulation of counsel that the merchandise is the same in all material respects as that involved in *Dalton Cooper, Inc., et al.* v. *United States* (41 Cust. Ct. 271, C.D. 2051), the claim of the plaintiffs was sustained.

BEFORE THE THIRD DIVISION, AUGUST 8, 1960

No. 64434.—W. R. Zanes & Co. et al. *v.* United States, protests 832276–G, etc. (Galveston and New York).

Opinion by RICHARDSON, J. In accordance with stipulation of counsel that the merchandise and issues are similar in all material respects to those involved in *United States* v. *R. C. Williams & Co. Inc.* (40 C.C.P.A. 130, C.A.D. 508), and *Austin, Nichols & Co., Inc.* v. *United States* (22 Cust. Ct. 33, C.D. 1155), the claim of the plaintiffs was sustained.

No. 64435.—Alaska Distributors, Inc., et al. *v.* United States, protests 22196–K, etc. (Seattle).

Opinion by RICHARDSON, J. In accordance with stipulation of counsel that the merchandise and issues are similar in all material respects to those involved in *United States* v. *R. C. Williams & Co., Inc.* (40 C.C.P.A. 130, C.A.D. 508), and *Austin, Nichols & Co., Inc.* v. *United States* (22 Cust. Ct. 33, C.D. 1155), the claim of the plaintiffs was sustained.

No. 64436.—George Benz Sons, Inc., et al. *v.* United States, protests 28822–K, etc. (Minneapolis).